UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| AKEEM POTTINGER,<br>　　Plaintiff, | :<br>:<br>: |
| v. | :　　Case No. 3:15cv1236(VLB) |
| OFFICER SANCHEZ, ET AL.,<br>　　Defendants. | :<br>:<br>: |

RULING AND ORDER

The plaintiff, Akeem Pottinger, is currently confined at Carl Robinson Correctional Institution. He has filed a complaint pursuant 42 U.S.C. § 1983 naming Officers Sanchez, Alicea, Johnson, LaMountain, Warden Cournoyer, Lieutenants Porylo and Richardson and Nurse Carabine as defendants. The plaintiff has also filed a motion for appointment of counsel. For the reasons set forth below, the complaint is dismissed in part and the motion for appointment of counsel is denied.

I.　　Complaint [Doc. No. 1]

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

The plaintiff asserts that on September 2, 2014 at Northern Correctional Institution, Officer Sanchez ordered him to return to his cell and lock up. As the plaintiff walked to his cell, he made a comment about being ordered to lock up. In response, Officers Sanchez and Alicea grabbed the plaintiff from behind, slammed him into a wall, twisted his arms and bent his hands back until his fingers touched his forearm. Officer Johnson and Lieutenant Porylo stood by and watched, but failed to intervene. Officer Sanchez applied handcuffs and leg shackles to the plaintiff so tightly that he could barely walk to the segregation unit. Upon his arrival at the unit, Officers Sanchez and Alicea placed the plaintiff with his face against the

2

wall of the cell and Officer LaMountain ripped off the plaintiff's shorts and underwear. The plaintiff remained in the segregation unit for fifteen days and experienced pain in his arms, wrists, neck, back and ribs. Nurse Carabine refused to examine or treat him. He requested medical treatment in writing, but medical personnel only responded once. At that time, medical staff provided him with pain medication.

During the evening of September 2, 2014, an officer handed the plaintiff a disciplinary report for interfering with safety and security. The plaintiff appeared at disciplinary hearing with an advocate on December 17, 2014. Lieutenant Richardson presided over the hearing and refused to review the videotape of the incident involving the plaintiff. Lieutenant Richardson found the plaintiff guilty based on the incident report prepared by correctional staff. He imposed fifteen days of punitive segregation, ten days forfeiture of risk reduction earned credits, ninety days loss of commissary and ninety days loss of telephone privileges. The plaintiff appealed the guilty finding to Warden Cournoyer claiming due process violations. Warden Cournoyer upheld the guilty finding.

To the extent that the plaintiff seeks monetary damages from the defendants in their official capacities, those claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). All claims for monetary

3

damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

To state a claim for violation of procedural due process in connection with his placement in segregation, the plaintiff must show that he had a protected liberty interest and, if he had such an interest, that he was deprived of that interest without being afforded due process of law.  *See Sandin v. Conner,* 515 U.S. 472 (1995).  The plaintiff has a protected liberty interest only if the state created a liberty interest in a statute or regulation and the deprivation of that interest caused him to suffer an atypical and significant hardship.  *See Tellier v. Fields*, 280 F.3d 69, 81 (2d Cir. 2000).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that when a state prisoner seeks damages in a section 1983 action, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction and sentence and if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id.* at 487.  In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court concluded that the holding of *Heck* applies to a prisoner's challenge to the procedures used in a disciplinary proceeding which results in a change to the prisoner's sentence, including the loss of accumulated good-time credits.  *See Id.* at 648.  Thus, a prisoner may not proceed with a section 1983 action challenging sanctions imposed pursuant to a disciplinary finding "unless he has shown that the sanction . . . ha[s] been overturned through

4

administrative channels or by a state or federal court." *Peralta v. Vasquez*, 467 F.3d 98, 100 (2d Cir. 2006), *cert. denied*, 551 U.S. 1145 (2007).

In *Peralta*, the Second Circuit considered a situation in which prison officials had subjected a prisoner to sanctions that affected the duration of his confinement as well as sanctions that affected only his conditions of confinement. The court held that the prisoner could proceed as to the sanctions that affected his conditions of confinement, if he willingly waived any challenge to the sanctions that affected the duration of his confinement. The Second Circuit remanded the case to the district court to ascertain whether the prisoner had formally agreed to waive all claims challenging the duration of his imprisonment.

Here, the plaintiff received multiple sanctions, including loss of telephone and commissary privileges for ninety days, fifteen days confinement in punitive segregation and loss of risk reduction earned or good time credits. The loss of risk reduction earned credits is a sanction that affects the duration of the plaintiff's confinement. The plaintiff has not alleged that this sanction has been overturned or vacated. Thus, the plaintiff may not proceed to the extent that he challenges the sanction resulting in a loss of risk reduction earned credits. The court finds it unnecessary to permit the plaintiff to waive all challenges to the sanction affecting the duration of his imprisonment because it determines that the sanctions that affected the plaintiff's conditions of confinement did not violate the plaintiff's rights under the Fourteenth Amendment.

5

In *Sandin*, the Supreme Court reexamined "the circumstances under which state prison regulations afford inmates a liberty interest protected by the Due Process Clause." *Id.* at 474. The Court explained that in the prison setting, liberty interests protected by Due Process will be "limited to freedom from restraint which. . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 485. The Court held that Inmate Connor's conditions of confinement in disciplinary/punitive segregation for thirty days did not present the type of atypical, significant deprivation in which a State might create a liberty interest. Thus, an inmate has a protected liberty interest only if the disciplinary sanctions caused him to suffer an "atypical and significant hardship" in comparison to "the ordinary incidents of prison life." *Id.*

The Second Circuit has held that confinement in restrictive housing for less than 101 days does not constitute an atypical or significant hardship sufficient to state a claim under *Sandin*. *See Sealey v. Giltner*, 197 F.3d 578, 589 (2d Cir. 1999) (101-day confinement in restrictive housing, while "doubtless unpleasant," did not constitute atypical and significant hardship); *Frazier v. Coughlin*, 81 F.3d 313, 317-18 (2d Cir. 1996) (twelve day confinement in segregation, followed by eleven month confinement in close supervision unit did not state a cognizable claim for denial of due process); *Lewis v. Sieminski*, No. 3:08-CV0728(JCH), 2010 WL 3827991, at *6 (D. Conn. Sept. 22, 2010) (noting that "decisions in the Second Circuit are unanimous that keeplock or confinement [in segregated housing] for 30 days or less in New York prisons is not 'atypical or significant hardship' under *Sandin*). The plaintiff spent

6

fifteen days in punitive segregation.  Such a brief confinement in restrictive housing does not constitute an atypical and significant hardship.

Plaintiff also claims that the defendants subjected him to ninety days loss of telephone privileges and ninety days loss of commissary privileges.  Courts have held that inmates have no constitutional right to unrestricted telephone use.  *See Banks v.* Argo, No. 11 Civ. 4222(LAP), 2012 WL 4471585, at *5 (S.D.N.Y. Sept. 25, 2012) ("[p]risoners do not have an absolute right to make phone calls") (internal quotation marks and citation omitted); *Bellamy v. McMickens*, 692 F. Supp. 205, 214 (S.D.N.Y. 1998) (inmates "have no right to unlimited telephone calls") (citation omitted).  The plaintiff does not allege that he was unable to communicate through the mail during the ninety day period.  *See Riddick v. Arnone*, No. 3:11cv631(SRU), 2012 WL 2716355, at *3 (D. conn. July , 2012) (dismissing claim that prison officials denied plaintiff access to telephone on ground that inmates do not have a "constitutional right to unrestricted telephone use" and plaintiff did not allege that he was barred from communicating through mail during period when he could not use telephone); *Henry v. Davis*, No. 10 Civ. 7575(PAC)(JLC), 2011 WL 5006831, at *2 (S.D.N.Y. Oct. 20, 2011) (telephone use restrictions do not impinge on a prisoner's constitutional rights where an inmate has alternate means of communication).  Furthermore, an inmate has no right to commissary privileges.  *See Vega v. Rell*, No. 09-CV-0737, 2011 WL 2471295, at *25 (D. Conn. June 21, 2011) (It is well established that "[i]nmates have no constitutional right to purchase items from the prison commissary") (citing cases).

In addition, courts within this circuit have held that temporary deprivations of privileges, such as commissary trips and telephone use, do not meet the standard of an atypical and significant hardship.  See *Frazier*, 81 F.3d at 317-18 (12 day confinement in restrictive housing unit, followed by eleven month confinement in close supervision unit and 30 day loss of recreation, commissary privileges and telephone use did not state a cognizable claim for denial of due process); *Principio v. McGinnis*, No. 05-CV-0856A(F), 2007 WL 2344872, at *2 (W.D.N.Y. Aug. 15, 2007 (inmate's sanctions of sixty days in "keeplock with loss of telephone, packages, recreation and conjugal visits" did not constitute atypical sentence or unusual conditions that rose "above the *Sandin* threshold"*); Charles v. Maleh*, No. 3:02CV1341(AWT), 2006 WL 581206, at *12 (D. Conn. March 8, 2006)(thirty days confinement to quarters and ninety days loss of phone privileges not atypical or significant and did not state cognizable due process claim); ); *Griffin v. Cleaver*, 3:03CV1029(DJS)(TPS), 2005 WL 1200532, at *6 (D. Conn. May 18, 2005) (plaintiff had no constitutional right to telephone use, social visits and the commissary privileges, therefore such sanctions do not support claim for denial of due process).

The court concludes that the plaintiff has not alleged that his placement in punitive segregation for fifteen days and loss of commissary and telephone privileges for ninety days after serving his time in punitive segregation imposed significant or atypical hardship on him.  As such, the plaintiff has failed to state a claim of a denial of procedural due process against Lieutenant Richardson and Warden Cournoyer in connection with the issuance of the disciplinary report, the

sanctions imposed after finding the plaintiff guilty of the disciplinary charge and the decision to uphold the guilty finding.  The Fourteenth Amendment Due Process claims are dismissed.  See 28 U.S.C. § 1915A(b)(1).

After reviewing the complaint, the court concludes that the plaintiff has stated plausible claims that defendants Sanchez, Alicea, Johnson, LaMountain and Porylo violated his Eighth Amendment rights when they used or failed to prevent the use of excessive force against him on September 2, 2014.  The Eighth Amendment failure to protect, excessive force and conditions of confinement claims as well as the state law claims of assault and battery will proceed against defendants Sanchez, Alicea, Johnson, LaMountain and Porylo in their individual capacities.  The plaintiff has stated a plausible claim that defendant Carabine was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  The Eighth Amendment deliberate indifference claim as well as the state law negligence claim will proceed against defendant Carabine in her individual capacity.

II.     Motion for Appointment of Counsel [Doc. No. 6]

The plaintiff is seeking an appointment of pro bono counsel.   Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel.  See Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986) (district judges are afforded "broad discretion" in determining whether to appoint pro bono counsel for an indigent litigant in a civil case); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.") (emphasis added).  The Second Circuit repeatedly has cautioned the district courts against the routine

9

appointment of counsel.  *See, e.g., Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F. 2d 170, 172 (2d Cir. 1989).  The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  *See Hodge*, 802 F.2d at 61.

The *Hodge* court articulated several factors for a district court to consider when reviewing an application for the appointment of counsel.  When determining whether to appoint counsel, the following factors should be considered:  (1) the movant's ability to afford a private attorney; (2) the movant's efforts to obtain counsel; (3) the merits of the movant's case; (4) the movant's ability to present the case; and (5) the complexity of the issues.  *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986), cert. denied, 502 U.S. 986 (1991); *Jenkins v. Chemical Bank*, 721 F.2d 876, 880 (2d Cir. 1983); 28 U.S.C. § 1915(e); *see also Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (confirming that the Hodge factors still apply to motions for appointment of counsel).  Plaintiff here has not satisfied any of the four factors.

In July and August 2015, the plaintiff made a total of three attempts to find an attorney to represent him.  None of the attempts were successful.   The plaintiff does not indicate that he has made any effort to contact the Inmate legal Aid Program with regard to any questions he might have about litigating this case.  As of July 1, 2015, the Inmates' Legal Aid Program operated by Bansley | Anthony, LLC replaced the former ILAP operated by Sydney T. Schulmann Associates.  Attorneys at the new program may be contacted at the following address and telephone number: Inmate

Legal Aid Program, Bansley | Anthony, LLC, 265 Orange Street, New Haven, CT 06510, Tel. 1-866-311-4527.

With regards to merits and complexity of the instant case, the Court notes that this case does not involve complex or voluminous legal issues or discovery. It is fact centric and will turn largely on the credibility of the plaintiff. Thus, the case does not present at this stage as one in which the plaintiff needs appointed counsel

Accordingly, the court concludes that the plaintiff has not shown that he is unable to secure legal representation or assistance without the court's intervention. The motion is denied without prejudice. The plaintiff may renew this motion at a later stage of the litigation after he has made additional efforts to secure the assistance of counsel and demonstrated that the case cannot be reasonably presented to the Court without counsel.

## ORDERS

The court enters the following orders:

(1)     The Motion for Appointment of Counsel [Doc. No. 6] is DENIED without prejudice.  The claims against all defendants in their official capacities are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(2).  The Fourteenth Amendment due process claims against Lieutenant Richardson and Warden Cournoyer are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).   Thus, all claims against defendant Richardson and Warden Cournoyer have been dismissed.  The Clerk is directed to terminate Lieutenant Richardson and Warden Cournoyer as defendants.  The Eighth Amendment excessive force, failure to protect and conditions of confinement claims

and the state law claim of assault and battery will proceed against defendants Sanchez, Alicea, Johnson, LaMountain and Porylo in their individual capacities and the Eighth Amendment deliberate indifference to medical needs claim and state law negligence claim will proceed against defendant Carabine in her individual capacity.

(2)     Within twenty-one (21) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work address for each defendant and mail a waiver of service of process request packet to each defendant (except Lieutenant Richardson) in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of all the requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     The defendants shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(4)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this order. Discovery requests need not be filed with the court.

  **(5) All motions for summary judgment shall be filed within seven months (210 days) from the date of this order.**

  **SO ORDERED at Hartford, Connecticut this Twenty-Ninth day of March 2016.**

         _____/s/_____
         **VANESSA L. BRYANT**
         **UNITED STATES DISTRICT JUDGE**